UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTOPHER LORCH,

    Petitioner,

v.                                Case No.:  2:24-cv-18-SPC-KCD

WILLIAMS, ROOKS, POLK,
HUNT, CARDENAZ, COURTNEY
JONES, JON CARNER and
RECOVERY SOLUTIONS,

    Defendants.
_____/

**OPINION AND ORDER**

Before the Court is Plaintiff Christopher Lorch's Complaint (Doc. 1). United States Magistrate Judge Kyle Dudek granted Lorch leave to proceed *in forma pauperis*, so the Court must review the Complaint to determine if it is frivolous or malicious, fails to state a claim, or seeks monetary damages from anyone immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

Lorch is an involuntarily committed resident of the Florida Civil Commitment Center (FCCC). He sues several FCCC employees under 42 U.S.C. §1983, which authorizes civil-rights actions against state officials. To state a claim for relief under § 1983, a plaintiff first must allege a violation of a right secured by the Constitution or under the laws of the United States; and second, allege that the deprivation was committed or caused by a person acting

under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998).

Lorch's claims stem from his interactions with Defendant Williams, which Lorch characterizes as psychological abuse. According to the Complaint, Williams goads Lorch, talks and flirts with other residents in front of Lorch, and violates facility rules just to show Lorch that she can. Lorch has repeatedly reported Williams' conduct to Defendant Rooks. On September 6, 2023, Rooks scolded Williams. Williams then threatened Lorch, triggering a mental health crisis that resulted in three behavioral management reports (BMRs)—Defendant Hunt wrote one for insolence or disrespect, Defendant Cardenas wrote one for disorderly conduct, and Defendant Polk wrote one for a gestured or spoken threat. On September 13, 2023, a multidisciplinary board including Defendant Courtney Jones substantiated all three BMRs. As a result, Lorch lost his job and his care level, potentially delaying his release from the FCCC. Jones did nothing to stop Williams' allegedly abusive conduct.

Lorch appealed the board's substantiation of the BMRs. Defendant Jon Carner—the FCCC's facility administrator—denied the appeal. Lorch also unsuccessfully appealed the decision to corporate decision makers of an entity he calls Recovery Solutions.

Lorch also makes two unrelated allegations. On November 9, 2023, Jones came to Lorch's dorm accompanied by security officers. Lorch

complained about being housed with a particular resident, and Jones told him to deal with it or go to confinement. Also on November 9, 2023, Carner told a resident about "sending 6 hits on residents." (Doc. 1 at 14). Neither of these allegations has any apparent relationship with the rest of Lorch's Complaint, and they are far too vague to be actionable on their own, so the Court will not consider them in its analysis.

Lorch's Complaint does not state a plausible claim. The precise legal nature of this action is unclear. In the "Nature of Suit" section of the Complaint, Lorch wrote "8th amendment violation cruel & unusual punishment. Deliberate indifference." (Doc. 1 at 8). The Eighth Amendment does not apply to the civilly committed. Rather, the Fourteenth Amendment is relevant here. The Supreme Court held in *Youngberg v. Romeo*, 457 U.S. 307 (1982) that "the involuntarily committed have liberty interests under the due process clause of the Fourteenth Amendment to reasonably safe conditions of confinement, freedom from unreasonable bodily restraints, and such minimally adequate training as might be required to ensure safety and freedom from restraint." *Lavender v. Kearney*, 206 F. App'x 860, 862-63 (11th Cir. 2006).

The due process rights of the civilly committed are at least as extensive as the Eighth Amendment rights of prisoners, so Eighth Amendment case law "also serves to set forth the contours of the due process rights of the civilly

3

committed." *Id.* (quoting *Dolihite v. Maughon,* 74 F.3d 1027, 1041 (11th Cir. 1996)). Thus, FCCC residents can rely on a "deliberate indifference" framework to make a claim. But Lorch does not allege any conduct that could support a deliberate indifference claim. To establish deliberate indifference, a plaintiff must allege, among other things, a risk of serious harm. *Ray v. Foltz,* 370 F.3d 1079, 1083 (11th Cir. 2004). Lorch does not allege he faced a risk of serious harm, so he has not stated a plausible claim of deliberate indifference.

The real thrust of Lorch's claims is the reduction of his care level, which could delay his release from the FCCC. The reduction resulted from the substantiation of three BMRs. Lorch does not deny the truth of the BMRs. He does allege one of the decision-makers—Jones—had a conflict of interest, but that claim is barred by the *Heck*[1] doctrine. *See Hall v. Profert,* No. 22-12184, 2023 WL 6274833, at *2 (11th Cir. Sept. 26, 2023) (applying *Heck* to FCCC residents). Lorch cannot pursue a claim that would imply the BMR hearing was invalid until the result of the hearing is overturned. *Id.* Lorch's appeals were rejected, so *Heck* bars his attack on the BMR hearing.

Lorch does not state a § 1983 claim under any theory the Court can reasonably apply to his Complaint, so the Court will dismiss it and give Lorch a chance to amend.

---

[1] *Heck v. Humphrey,* 512 U.S. 477 (1994).

Accordingly, it is now

**ORDERED:**

Christopher Lorch's Complaint (Doc. 1) is **DISMISSED without prejudice**.  Lorch may file an amended complaint by **March 14, 2024**. **Otherwise, the Court will enter judgment and close this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on February 22, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record